ACCEPTED
12-15-00001-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/22/2015 9:05:58 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00001-CR

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/22/2015 9:05:58 PM
CATHY S. LUSK
Clerk

---

OSCAR PERKINS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-1209-14
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
  Oscar Perkins

APPELLANT'S TRIAL COUNSEL
  M. Brent Ratekin
  422 S. Spring Street
  Tyler, Texas 75702

APPELLANT'S APPELLATE COUNSEL
  James Huggler
  100 E. Ferguson, Suite 805
  Tyler, Texas 75702
  903-593-2400
  903-593-3830 (fax)

APPELLEE
  The State of Texas

APPELLEE'S TRIAL COUNSEL
  Leslie McLean
  Jacob Putman
  Gerald Privin
  Smith County Criminal District Attorney's Office
  100 N. Broadway, 4th Floor
  Tyler, Texas 75702

APPELLEE'S APPELLATE COUNSEL
  Mike West
  Smith County Criminal District Attorney's Office
  100 N. Broadway, 4th Floor
  Tyler, Texas 75702

## TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     ISSUE ONE: THERE WAS LEGALLY INSUFFICIENT
     EVIDENCE TO FIND APPELLANT GUILTY OF THE
     OFFENSE OF ASSAULT.

     ISSUE TWO: IT WAS ERROR FOR THE TRIAL COURT TO
     DENY APPELLANT'S MOTION FOR DIRECTED VERDICT.

     ISSUE THREE: THE TRIAL COURT ERRED IN NOT
     INCLUDING A LESSER INCLUDED OFFENSE IN THE JURY
     CHARGE.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE ONE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ISSUE TWO, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    A. Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    B. Law Requiring Display of Weapon. . . . . . . . . . . . . . . . . . . 7
    C. Application to These Facts. . . . . . . . . . . . . . . . . . . . . . . . 7
    D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ISSUE THREE, RESTATED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    A. Law on Lesser-included Offenses. . . . . . . . . . . . . . . . . . . . . . 11
    B. Analysis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    C. Remedy and relief requested.. . . . . . . . . . . . . . . . . . . . . . . . 14

PRAYER FOR RELIEF.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. art. 37.08 (West 2013). . . . . . . . . . . . . . . 11

TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2013). . . . . . . . . . . . . . 11

TEX. PENAL CODE ANN. §12.42(d) (West 2013). . . . . . . . . . . . . . . . . . 2, 3

TEX. PENAL CODE ANN. §22.01 (West 2013). . . . . . . . . . . . . . . . 1, 3, 7, 13


CASES

Cavazos v. State, 382 S.W.3d 377 (Tex. Crim. App. 2012). . . . . . . . . . 12

Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). . . . . . . . . . . . 9

Fuentes v. State, 991 S.W.2d 267 (Tex. Crim. App. 1999). . . . . . . . . . . 9

Hall v. State, 225 S.W.3d 524 (Tex. Crim. App. 2007). . . . . . . . . . . . . 12

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,
   61 L.Ed.2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). . . . . . . 6

Madden v. State, 799 S.W.2d 683 (Tex. Crim. App. 1990). . . . . . . . . . . 7

Moreno v. State, 755 S.W.2d 866 (Tex. Crim. App. 1988). . . . . . . . . . . 10

Sharp v. State, 707 S.W.2d 611 (Tex. Crim. App. 1986). . . . . . . . . . . . 9

Sweed v. State, 351 S.W.3d 63 (Tex. Crim. App. 2011). . . . . . . . . . 12, 13

Tibbs v. Florida, 457 U.S. 31, 102 S. Ct. 2211,
   72 L.Ed.2d 652 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Turro v. State, 867 S.W.2d 43 (Tex. Crim. App. 1993). . . . . . . . . . . . . 10

Williams v. State, 235 S.W.3d 742 (Tex. Crim. App. 2007). . . . . . . . . . 10

Williams v. State, 937 S.W.2d 479 (Tex. Crim. App. 1996). . . . . . . . . . . 7


RULES

TEX. R. APP. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NO. 12-15-00001-CR

| | | |
|---|---|---|
| OSCAR PERKINS, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Oscar Perkins ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC.38, et seq., respectfully submits this brief on appeal.

STATEMENT OF THE CASE

Appellant was indicted in cause number 114-1209-14 and charged with the third degree felony offense of Assault. I CR 11.[1] TEX. PENAL CODE ANN. §22.01(a)(1) and (b)(2) (West 2013). The punishment range was enhanced to a habitual felony offender by the inclusion of two

---

[1] The Clerk's Record is designated "CR" with roman numeral preceding "CR" indicating the correct volume and an arabic numeral following "CR" specifying the correct page in the record.

1

sequential felony convictions. I CR 8; Tex. Penal Code Ann. §12.42(d) (West 2013). A jury was selected, and following evidence and argument of counsel found Mr. Perkins guilty of the offense as indicted. I CR 96; IX RR 74.[2] The punishment phase was to the court. Following evidence and argument of counsel, the court assessed a life sentence. I CR 100-103; X RR 18-19. Notice of appeal was timely filed. I CR 106. This brief is timely filed on or before July 22, 2015 following proper extension by this Court.

## ISSUES PRESENTED

Issue One: There was legally insufficient evidence to find Appellant guilty of the offense of assault.

Issue Two: It was error for the trial court to deny Appellant's motion for directed verdict.

Issue Three: The trial court erred in not including a lesser included offense in the jury charge.

---

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding "RR" indicating the volume and an arabic numeral following "RR" specifying the correct page.

## STATEMENT OF THE FACTS

Oscar Perkins was indicted in cause number 114-1209-14 and charged with the third degree felony offense of Assault by causing bodily injury to Patsy Perkins, his estranged wife, by impeding her normal breathing and circulation of the blood by applying pressure to her neck. I CR 11. TEX. PENAL CODE ANN. §22.01(a)(1) and (b)(2) (West 2013). The third degree felony punishment range was enhanced to a habitual felony offender by the inclusion of two sequential felony convictions. I CR 8; TEX. PENAL CODE ANN. §12.42(d) (West 2013). Mr. Perkins had rejected a plea offer of twenty years prior to trial. VI RR 14-15.

Patsy Perkins is the estranged wife of Oscar Perkins. VII RR 18-19. He had moved out of their home approximately four months prior to the acts alleged, apparently due to an affair by Mr. Perkins, or at least the conclusion by Mrs. Perkins that he had had an affair. VII RR 19, 28. Mrs. Perkins was involved in a car accident which totaled her suburban on July 2, 2014. VII RR 21, 23-24. Because the car was in both their names, both signatures were required to be on the settlement check. VII RR 24. After a title loan was paid, the settlement amount was $1300. VII RR 27-28.

They had several conversations by phone about the settlement.  VII RR 25.  Many of these conversations ended in argument, cursing and hanging up by one of the parties.  VII RR 28.

The day of the incident, they had a brief conversation and Mrs. Perkins told her husband that she would not give him any of the money, and Mr. Perkins telling her not to cash the check.  VII RR 30.  That afternoon, Mr. Perkins came to their house.  VII RR 32.  She let him in and they spoke in the living room area.  VII RR 32.  At this point, Mrs. Perkins alleged her husband hit her with a pillow five times, then with a fist, and that both caused pain.  VII RR 34.  They went to the bedroom to get the check and that is when she testified that he put her in a chokehold. VII RR 36.  She testified that it caused pain, but she could still breathe.  VII RR 37-38.  She told him that she loved him and this apparently caused him to stop. VII RR 38.  She went to a neighbor's house and contacted the police.  VII RR 40-41.  She saw that his car had left and returned to their home.  VII RR 41.  Mrs. Perkins was taken to a hospital. VII RR 42.

Other witnesses testified regarding the investigation, her medical

treatment and her discussions with the District Attorney's Office regarding her desire not to prosecute her husband. Following the evidence and argument of counsel, Mr. Perkins was found guilty of the offense as indicted. I CR 96; IX RR 74.

During the sentencing phase, Mr. Perkins entered a plea of true to each enhancement paragraph. X RR 7-8. Following evidence and argument of counsel, the court assessed a life sentence. I CR 100-103; X RR 18-19. A further discussion of the relevant facts is included in the argument section of this brief.

## SUMMARY OF ARGUMENT

There are two sets of issues for this Court to consider. The first and second issue raised regard the legal sufficiency of the evidence and whether the trial court erred in denying the motion for a directed verdict.

The final issue regards the trial courts failure to conduct the required test to determine if a lesser included charge is appropriate and the error by denying that charge.

## ARGUMENT

Issue One, Restated: There was legally insufficient evidence to find Appellant guilty of the offense of assault.

Issue Two, Restated: It was error for the trial court to deny Appellant's motion for directed verdict.

### A. Standard of Review

Appellant contends that the evidence is legally insufficient to support the verdict. The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict.  See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652 (1982).

A challenge to the trial court's ruling on a motion for directed verdict is, in actuality, a challenge to the sufficiency of the evidence to support the

conviction. Therefore, the standard of review is the same as that used in reviewing the sufficiency of the evidence. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990); Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

## B. Elements of the Offense

A person commits an offense if they intentionally or knowingly cause bodily injury to a family member by intentionally, knowingly or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to their throat or neck. TEX. PENAL CODE ANN. §22.01(a)(1) and (b)(2) (West 2012). The element related to their relationship was not contested.

## C. Application to These Facts

At the conclusion of the State's case, Mr. Perkins sought an instructed verdict on this issue. VIII RR 85. The case comes down to the credibility of Patsy Perkins. She was the only witness who testified regarding choking. Without her testimony, the State's proof fails. The issue is that her credibility was drawn into question repeatedly, and on a

7

variety of issues.

Mrs. Perkins testified that she was more upset that her husband talked about her in a negative way to another person than she was about him having an affair. VII RR 51. The check from the insurance company had been agreed by them to be divided, then Mrs. Perkins refused. VII RR 52. She admitted that he was legally entitled to 50% of the proceeds, but she deposited the whole amount into her account without his signature. VII RR 52, 53, 56. She was able to speak during this time. VII RR 62.

Mrs. Perkins spoke with two different Smith County prosecutors about the case. VII RR 71, 72. She attempted to file an affidavit of non-prosecution with the arresting agency. VIII RR 64. She later told the prosecutors that she did not ever attempt to file an affidavit of non-prosecution. VIII RR 124, 130. She also maintained this version during trial, that she had never tried to drop the charges. VIII RR 106-108.

Her treating physician testified that her injuries could be consistent with choking, they could also be consistent with other things. VII RR 114. Her CT scan indicated no injuries. VII RR 115, 122. There was no medical proof of her injuries, other than her complaint. VII RR 116. There was no bruising on her neck or her jaw. VII RR 120. The CT scan

also did not show any bruising under the skin. VII RR 126. There was no damage to her throat that was observed. VII RR 131.

The only evidence that any choking in this case could impede normal circulation came from Dr. Weber who stated "Yeah, I would suspect so, if it was done forcefully enough." VII RR 132. This statement does not rise to the level of proof required for that element, that the blood flow was actually impeded. So the case comes down to whether Mrs. Perkins normal breathing was impeded. By her own testimony, she was still able to speak, and there was no medical proof of injuries.

Finally, an unrelated witness testified that the day of the assault, Mr. Perkins was dropped off and he took Mrs. Perkins to the gas station leaving Mr. Perkins in the house. VIII RR 89-90.

The jury, as the trier of fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The jury may also draw reasonable inferences from basic facts to ultimate facts. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). When faced with conflicting evidence, the

9

appellate court presumes the trier of fact resolved conflicts in the prevailing party's favor. Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).

However, the duty of a reviewing court requires ensuring that the evidence presented actually supports a conclusion that the defendant committed the crime charged. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). An appellate court can not uphold a fact-finder's decision if it is irrational or unsupported by more than a mere modicum of the evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

In this case, the State's case is made or not by the testimony of the complaining witness, and we have an estranged spouse who had a motive to mislead, specifically the check she deposited in her account without her husband's signature. She attempted to file an affidavit of non-prosecution, stated to prosecutors that she had not done so.

### D. Conclusion

This Court should sustain the first and second issues and reverse the judgment of the trial court and render an acquittal to the charge of assault

based on legally insufficient evidence.


Issue Three, Restated: It was error for the trial court to deny Appellant's request to include a lesser included instruction in the jury charge.

## A. Law on Lesser-included Offenses

In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense. TEX. CODE CRIM. PROC. ANN. art. 37.08 (West 2013. An offense is a lesser-included if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged to an otherwise included offense. Id. Art. 37.09.

A two part test is used to determine whether a person is entitled to a lesser-included offense instruction. The first step is a question of law

11

and does not depend on the evidence. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the information with the elements of the potential lesser included offense. The second step should ask whether there is evidence that supports giving the instruction to the jury. The defendant is entitled to an instruction on a lesser included offense where the proof for the offense charged includes the proof necessary to establish the lesser included offense and there is some evidence in the record that would permit a jury to rationally find that if the defendant is guilty, he is guilty only of the lesser included offense. Anything more than a scintilla of evidence is sufficient to entitle the defendant to the lesser included charge. Cavazos v. State, 382 S.W.3d 377, 382 (Tex. Crim. App. 2012); Hall v. State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).

Although the threshold showing is low, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before and instruction is warranted. Sweed v. State, 351 S.W.3d 63, 67-68 (Tex. Crim. App. 2011).

The standard may be satisfied if some evidence refutes or negates other evidence establishing the greater offense or if the evidence presented is subject to different interpretations. Sweed, 351 S.W.3d at 68.

## B. Analysis

Appellant sought a lesser included instruction for a class A misdemeanor offense of assault causing bodily injury. TEX. PENAL CODE ANN. §22.01(a)(1) (West 2013). The difference between the two charges regards whether an assault causing bodily injury occurred, or whether Mrs. Perkins' normal breathing or circulation had been impeded. The trial court did not conduct any analysis as to the lesser included offense. VIII RR 137-139.

Dr. Weber testified that while her complaints could have been caused by choking, they also could have been caused in other ways. VII RR 114. The injury which was not contested at trial was a bruise or hematoma to her forehead. Mrs. Perkins testified that this injury caused pain. VII RR 34. A lesser included charge should have been included in the jury charge in this case.

13

## C. Remedy and Relief Requested

The trial court correctly found that the specific subsection of disorderly conduct was a lesser included offense to indecent exposure. The error occurred when the trial court incorrectly found that there was not a scintilla of evidence requiring the lesser instruction. The error requires reversal and a new trial.

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that the trial court's decision be reversed and judgment of acquittal rendered, or that the case be reversed and remanded for a new trial, and for other such relief as allowed by law.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number
00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR
APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 22nd day of July, 2015.

/s/ James Huggler
James W. Huggler, Jr.

Attorney for the State:
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 3,281 words as counted by Corel WordPerfect version x5.

/s/ James Huggler
James Huggler